

350 Sansome Street | Suite 300
San Francisco, CA 94104

Spencer J. Wilson
415-848-7249
swilson@publiclawgroup.com

March 1, 2024

*Via* CM/ECF

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

   **Re:**  ***Hittle v. City of Stockton, et al.*, Case No. 22-15485**
      **Response to Appellant's Notice of Supplemental Authorities (FRAP 28(j))**

Dear Ms. Dwyer:

Appellee City of Stockton submits this letter in response to Plaintiff-Appellant's February 21, 2024 letter. *See* Fed. R. App. P. 28(j); Ninth Circuit Rule 28-6.

Unlike this case, which involves allegations of disparate treatment under Title VII, *Murray v. UBS Securities, LLC*, 144 S. Ct. 445 (2024), involved allegations of retaliation under the Sarbanes-Oxley Act. *See id.* at 454 (other "statutes dealing with employment discrimination apply a higher bar").

In *Murray*, the Supreme Court held that, under Sarbanes-Oxley, "[s]howing that an employer acted with retaliatory animus is one way of proving that the protected activity was a contributing factor in the adverse employment action, but it is not the only way." *Murray*, 144 S. Ct. at 455. Accordingly, the Court held that the Second Circuit erred by requiring the plaintiff to prove "that his protected activity was a contributing factor in the unfavorable personnel action" and "further show[] that his employer acted with 'retaliatory intent.'" *Id*. at 456 (cleaned up). The Court defined "retaliatory intent" as "something akin to animus." *Id*. at 452.

Here, unlike *Murray*, the panel did not require Appellant to demonstrate disparate treatment and further show animus. Rather, the panel's discussion of animus was in the context of discussing whether Appellant's evidence constituted "direct evidence" of discrimination, *i.e.*, evidence which, "if believed, proves the fact [of discriminatory animus] without inference or presumption." Opinion at 21-22 (quoting *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005)).

304838.1

 Renne Public Law Group®

U.S. Court of Appeals for the Ninth Circuit
March 1, 2024
Page 2

There are multiple means of showing discrimination without animus. For example, a plaintiff can point to similarly situated employees outside the protected class who were treated more favorably. *See* Dkt. 91 at 11-12. He can also present evidence that the employer's proffered reasons for an adverse employment action are "unworthy of credence" and therefore pretextual. *See* Dkt. 91 at 12-13. But as the panel held, Appellant failed to make either of these showings. Opinion at 25, 30-31.

Given these distinctions between *Murray* and this case, *Murray* is instructive only for the proposition that animus is one way, but not the only way, of demonstrating discrimination.

Respectfully Submitted,

By: s/ Spencer J. Wilson
    Spencer J. Wilson

Arthur A. Hartinger
Ryan P. McGinley-Stempel
Spencer J. Wilson
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 848-7200

ATTORNEYS FOR APPELLEES CITY OF STOCKTON, ROBERT DEIS, AND LAURIE MONTES

cc:   *Via* CM/ECF

    Nicholas Bruno
    Elisabeth Catherine Butler
    Jonathon Cherne
    David J. Hacker
    Jeffrey Carl Mateer
    Alan J. Reinach
    Kelly J. Shackelford
    Aaron Michael Streett
    Stephanie N. Taub
    David Thompson
    Kayla Toney

304838.1